# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>v.<br><br>**SAMMY DAVIS FLEMING and BRYANT MCLAUGHLIN,**<br><br>*Defendants.* | **CRIMINAL ACTION NOS.**<br>**3:24-cr-00019-TES-CHW-1**<br>**3:24-cr-00019-TES-CHW-2** |

## ORDER CONTINUING TRIAL IN THE INTEREST OF JUSTICE

Before the Court is a Joint Motion for Continuance [Doc. 185] filed by the above-captioned defendants. Trial is currently scheduled to begin June 8, 2025, and the Government does not oppose another continuance for this case. [Doc. 185, pp. 1–2]. For the reasons set forth below, the Court finds that trial should be continued pursuant to 18 U.S.C. § 3161(h).

The grant of a continuance is left to the sound discretion of the trial judge, *United States v. Stitzer*, 785 F.2d 1506, 1516 (11th Cir. 1986), but the Court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). However, the Act excludes from the 70-day period any

continuance based on "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at § 3161(h)(7)(A). In granting such a continuance, the Court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant or the attorney for the [g]overnment the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv).

Like his previous motions seeking to continue trial, Defendant Bryant McLaughlin requests this latest continuance because after meeting with his attorney about the discovery in this case, he "has tentatively elected to proceed to trial." [Doc. 185, p. 2]. Additionally, Defendant McLaughlin states that he "wants to be tried with his co-defendant," Defendant Sammy Davis Fleming, whose attorney is currently dealing with a family emergency. [*Id.*]. Since no motion for severance has been granted in this case, and "the time for trial has not run" with respect to either of the defendants, the Court **GRANTS** the Joint Motion to Continue [Doc. 185] so that the parties may meet and confer with the government about the next steps in this case. 18 U.S.C. § 3161(h)(6); [Doc. 185, p. 2]. The Court **CONTINUES** this case to *August 11, 2025*. The ends of justice served by this continuance outweigh the best interests of the public and the defendants in a speedy trial and are in accordance with the considerations required under 18 U.S.C. § 3161 for excusable delay. The pretrial conference set for June 4, 2025,

2

is canceled, and the Court will re-schedule a pretrial conference at a later date.

**SO ORDERED**, this 3rd day of June, 2025.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
